UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN ALAN DEARMAN,

    Plaintiff,

v.

ELIZABETH UFKES OLIVERA, ET AL.,

    Defendants.

No. 2:22-cv-02158-TLN-CKD

ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

I. <u>Legal Standards</u>

Pro se pleadings are to be liberally construed. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–<u>Iqbal</u>). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996).

A. Subject Matter Jurisdiction and Frivolity

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. <u>Harrison v. Kernan</u>, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

B. Federal Notice Pleading and a Complaint's Failure to State a Claim

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1); see <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either

lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996). This is because a complaint documentary evidence may be presented at a later point in the case. See id. Further, the practice of "incorporat[ing] each preceding paragraph, regardless of relevancy [has] been harshly criticized as a form of 'shotgun pleading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice." Destfino v. Kennedy, 2008 WL 4810770, at *3 (E.D. Cal. Nov. 3, 2008).

II.     Background

Plaintiff filed the instant action on December 5, 2022. (ECF No. 1.) On December 9, 2022, plaintiff filed a first amended complaint (FAC). (ECF No. 3.) As a general rule, an

amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, the court construes the FAC as the operative complaint.

The FAC alleges due process violations that arose during a state court probation revocation hearing in People v. Dearman, in which plaintiff was the defendant. (See ECF No. 3 at 9, discussing the Colusa County court's abuse of discretion at the October 8, 2020 probation revocation hearing); see People v. Dearman, No. C093195, 2022 WL 2299989 (Cal. Ct. App. June 27, 2022) (same). Because the findings of fact in that case are the same facts alleged in plaintiff's FAC, the court takes judicial notice of People v. Dearman. There, the trial court prevented plaintiff from continuing the probation revocation hearing to ensure the presence of an eyewitness; the appellate court found the trial court had abused its discretion and violated plaintiff's due process rights. (ECF No. 3 at 5, 9.); Dearman, No. C093195, 2022 WL 2299989, at *1.

The FAC seeks to bring suit for damages against the following Colusa County officials for their alleged involvement in the probation revocation hearing: Superior Court Judge Elizabeth Ufkes Olivera, District Attorney Bradley Morrow, the County of Colusa Board of Supervisors, and Colusa County Sheriff Joe Garofalo. (ECF No. 3 at 2-3.) The FAC alleges violations under the Fourth, Sixth, Eighth, and Fourteenth Amendments. (Id. at 8.) The only facts alleged in the FAC concern the state trial court's abuse of discretion in preventing plaintiff from continuing the probation revocation hearing to ensure the eyewitness was present. (Id. at 5, 9.) Plaintiff seeks $34,365,000 in damages related to injuries suffered while in custody, including a broken nose, shingles, and a urinary tract infection. (Id. at 6, 10.)

III.   Analysis

The FAC contains allegations that the defendants violated plaintiff's rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments. See ECF No. 3 at 8. However, these allegations are conclusory and thus insufficient under Rule 8(a). Twombly, 550 U.S. 555-57 (complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action"). For instance, the Sixth Amendment allegation states "defendants interfered with this right and caused a favorable witness not to testify in Ryan

4

[D]earman['s] trial." (ECF No. 3 at 8). The Fourth Amendment allegation states defendants falsely arrested plaintiff, and "falsified records, used cruel and unusual punishment to detain him." (Id.) The Eighth Amendment allegation states defendants "inflict[ed] cruel and unusual punishment…Defendants did nothing to correct this wrongful conviction keeping him incarcerated for two years and defends did so with a conscious mind." (Id.) The FAC contains no factual support for any of these allegations. Accordingly, the court dismisses the FAC's remaining claims with leave to amend.

1. Claims against Judge Olivera and District Attorney Morrow

42 U.S.C. § 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). To state a claim for relief under § 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

Plaintiff seeks to bring a damages action against the judge, prosecutor, and county sheriff arising from the due process violations that occurred during his October 8, 2020 probation revocation hearing. (ECF No. 3 at 5, 9.) However, it is well settled that judges are generally immune from suit for money damages for judicial acts taken within the jurisdiction of their courts. See e.g., Lund v. Cowan, 5 F.4th 964, 970 (9th Cir. 2021), cert. denied, 142 S. Ct. 900 (2022). Similarly, it has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are "intimately associated with the judicial phase of the criminal process." Ray v. Lara, 31 F.4th 692, 699 (9th Cir. 2022). The first two named defendants, Judge Olivera and District Attorney Morrow, were the judge and the prosecutor, respectively, in People v. Dearman. Therefore, they are absolutely immune from any damages suit related to their involvement in that proceeding.

Because the FAC seeks damages against immune defendants, the claims against Judge Olivera and District Attorney Morrow are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii) (the court

may dismiss sua sponte an "action or appeal [if it] seeks monetary relief against a defendant who is immune from such relief").

   2. Claims against Joe Garofalo, the Colusa County Sheriff

Unlike judges and prosecutors, who enjoy absolute immunity from damages actions under § 1983, government officials like Sheriff Joe Garofalo enjoy qualified immunity. Anderson v. Creighton, 483 U.S. 635, 638 (1987) ("[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.")

Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. See id. at 166. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Here, however, the FAC does not allege Joe Garofalo caused the due process violation during the probation revocation hearing. Absent any link to an alleged violation, plaintiff cannot state a claim under § 1983.

   3. Claim against the County[2]

"[L]ocal-government entities are considered 'persons' under § 1983 and therefore may be liable for causing a constitutional deprivation." See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). However, these entities are only liable "for injuries that arise from an official

---

[2] The FAC inappropriately alleges an official capacity claim against county officials and the county. The Supreme Court has held an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Where a municipal official and entity are named as parties to a suit, the claims against the individuals are duplicative and should be dismissed. Williams v. Dirkse, No. 1:21-CV-00047-BAM-PC, 2021 WL 2227636, at *1 (E.D. Cal. June 2, 2021), report and recommendation adopted, No. 1:21-CV-00047-NONE-BAMPC, 2021 WL 4776904 (E.D. Cal. Oct. 13, 2021) (quoting Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Accordingly, the court dismisses the FAC's official capacity claims against Judge Olivera, District Attorney Morrow, and Joe Garofalo and assesses only the sufficiency of plaintiff's official capacity claims against the county.

policy or longstanding custom." Monell, 436 U.S. at 694. To raise a Monell claim, a plaintiff must allege facts in a complaint "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citations omitted). In addition, a plaintiff must allege facts demonstrating that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff's complaint does not allege any constitutional violations by the county pursuant to a longstanding policy, practice, or custom. Instead, the allegations stem from an isolated instance of a trial court having abused its discretion during a probation revocation hearing. That one instance is not enough to establish Monell liability. Accordingly, plaintiff's claim against the county is dismissed with leave to amend.

## STANDARDS FOR AMENDMENT

In light of plaintiff's pro se status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "Second Amended Complaint";
ii. be limited to 20 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
v. under each section, list the factual allegations supporting that particular claim (for brevity, plaintiff may refer to specific prior paragraphs [i.e. "See ¶¶ 25, 34, and 42"], but in no case shall plaintiff "incorporate all preceding paragraphs" for any claims);
vi. include a general background facts section to orient the reader only as necessary;
vii. include his statements for jurisdiction, venue, and relief sought as is necessary;
viii. omit exhibits, documents, photos, or other such "evidence" of his claims (except for

any contracts on which he bases any breach of contract claim);
ix. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
x. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff's complaint is dismissed with leave to amend. Within 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: April 7, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, dear.2158